UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WALTER C. DUMAS AND<br>DUMAS & ASSOCIATES LAW<br>CORPORATION | CIVIL ACTION |
| VERSUS | |
| CORE FUNDING GROUP, L.P. | NO. 08-730-D-M2 |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, December 8, 2008.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WALTER C. DUMAS AND<br>DUMAS & ASSOCIATES LAW<br>CORPORATION | CIVIL ACTION |
| VERSUS | |
| CORE FUNDING GROUP, L.P. | NO. 08-730-D-M2 |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion for Remand (R. Doc. 2) filed by plaintiffs, Walter C. Dumas and Dumas & Associates Law Corporation (collectively "plaintiffs"). Defendant, Core Funding Group, L.P. ("Core"), has not filed an opposition to this motion.

## FACTS & PROCEDURAL BACKGROUND

Plaintiffs filed this suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on September 16, 2008. Core was personally served, through its Registered Agent for Service of Process, on September 22, 2008. *See*, Return of Service, attached to Notice of Removal, R. Doc. 1-3. Core removed the case to this Court on November 7, 2008. Plaintiffs have now filed the present motion seeking remand of this case to state court because it was not timely removed within thirty (30) days of service upon the defendant in accordance with 28 U.S.C. §1446. Plaintiffs also seek payment of the just costs and expenses, including attorney's fees, that they incurred in defending against Core's untimely removal in accordance with 28 U.S.C. §1447(c).

1

## **LAW & ANALYSIS**

Pursuant to Rule 7.5M of the Local Rules of the Middle District of Louisiana, a memorandum in opposition to a motion must be filed within twenty (20) days after service of the motion.  The rule specifically provides:

> LR7.5M          Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion.  Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies.  For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion for remand was filed on November 12, 2008, and the Court's electronic filing system indicates that defense counsel was electronically served with notice of the filing of the motion on that same date at 2:53 p.m. CST.  More than twenty (20) days have elapsed since the service of the motion, and Core has failed to file any opposition.  The motion for remand is therefore deemed to be unopposed.  In addition to the motion being unopposed, the Court finds that the motion has merit and should be granted.

Under 28 U.S.C. §1446(b), a notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  28 U.S.C. §1446(b).  It is undisputed, based upon the record, that Core was served with a copy of the plaintiffs' petition in this matter, through its Registered Agent for Service of Process, on September 22, 2008.  Thus, in order to timely remove this matter, Core's notice of removal needed to be filed by October 22, 2008.  The fact that Core's counsel did not learn of the filing of the plaintiffs' petition until October 30, 2008 is of no moment since the triggering event under §1446(b) is service of the initial pleading upon the defendant, rather than notice to defense counsel.  Accordingly, Core's notice of removal, which was filed more than thirty (30) days after service, on November 7, 2008, is untimely, and this case should be remanded to state court.

Moreover, because removal was untimely and improper, plaintiffs are entitled to an award of the reasonable costs and expenses, including attorney's fees, that they incurred in preparing and filing this motion to remand.  According to the affidavit of plaintiffs' counsel, she spent 4.1 hours reviewing Core's notice of removal and preparing the present motion for remand at an hourly rate of $175.00, resulting in a requested fee award of $717.50.[1]  However, because plaintiffs' motion for remand does not involve complex legal issues and involved very little legal research (as is evidenced by plaintiffs' sole citations in their motion to 28 U.S.C. §1446(b) and 28 U.S.C. §1447(c)), the Court finds that the requested number of hours expended preparing the motion should be reduced to two and a half (2.5) hours.

---

[1] Plaintiffs have not requested a specific amount of expenses in their motion.

The Court further finds that plaintiffs' counsel's requested hourly rate of $175.00 is reasonable.[2]  Thus, the total amount of fees that should be awarded to plaintiffs in connection with this motion, pursuant to 28 U.S.C. §1447(c), is $437.50.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion for Remand (R. Doc. 2) filed by plaintiffs, Walter C. Dumas and Dumas & Associates Law Corporation, be **GRANTED** and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, for further proceedings.  It is also recommended that plaintiffs be awarded $437.50 in fees associated with the preparation and filing of their motion for remand.

Signed in chambers in Baton Rouge, Louisiana, December 8, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] *See, Pizzolato, et al v. Safeco Insurance Company of America*, Civil Action No. 08-353-D, Ruling and Order dated November 3, 2008, R. Doc. 15 (finding that the reasonable number of hours spent preparing a motion to remand that was not complex was 2.5 hours and that an hourly rate of $185.00 per hour was appropriate for a Baton Rouge attorney with twenty-four (24) years of experience where the motion upon which work was performed was not particularly complex).